```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**CHARLES SIMPSON**                                                **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 3:05CV677-WHB-AGN

**JACKSON COCA-COLA BOTTLING**
**COMPANY AND COCA-COLA**
**ENTERPRISES, INC.**                                              **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Coca-Cola Enterprises, Inc. (hereinafter "CCI") to Compel Arbitration and to Dismiss or Stay Litigation Pending Arbitration. Having considered the Motion, to which Plaintiff Charles Simpson filed to Respond, the Court finds that it is well taken and should be granted.

CCI is a Delaware Corporation with its principle place of business in Atalanta, Georgia. Plaintiff is a citizen of Mississippi. Complete diversity of citizenship exists in this case. Therefore, the Court has jurisdiction under 28 U.S.C. § 1332.

This cause of action arises out of an employment related dispute between Plaintiff Charles Simpson and Defendant CCI.[1] On

---

[1] Defendant Jackson Coca-Cola Bottling Company ceased to exist on December 31, 2000. Notice of Removal, p. 1 n.1. Under the circumstances of its dissolution, as claimed by CCI and not refuted by Simpson, the Court finds that Jackson Coca-Cola Bottling Company is not a proper party to this suit.

January 14, 2005, Simpson's employment position with CCI was terminated because he purportedly used "Company property and Company time to conduct his own personal business operations." Complaint, ¶ 17. Simpson, of course, disputes the basis of his termination.

Aggrieved by his employment termination and the circumstances surrounding the termination, on August 19, 2005, Simpson filed the subject suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi. The only claim stated in the Complaint is emotional distress. The case was removed to this Court on November 7, 2005. CCI filed the subject Motion to Compel Arbitration and to Dismiss or Stay Litigation Pending Arbitration (hereinafter "Motion to Compel") on November 15, 2005. That Motion is now ripe for consideration.

Through the Motion to Compel, CCI seeks to compel Simpson to submit the subject claim to arbitration, pursuant to the arbitration agreement contained in a document titled "Coca-Cola Enterprises Inc. Solutions Program" (hereinafter "Solutions Program"). The Solutions Program is a conflict resolution program which binds both CCI and its employees. As stated above, Simpson failed to file a Response to the Motion to Compel and the deadline for filing a Response has passed. Therefore, pursuant to the authority granted this Court under Rule 7.2(c)(2) of the Uniform Local Rules of the United States District Courts for the Northern

and Southern Districts of Mississippi,[2] the Court finds that the Motion to Compel is well taken and should be granted.

In the alternative, the Court finds that the Motion to Compel should be granted on its merits. CCI attached to the Motion a copy of portions of the Solutions Program which contain the arbitration provisions. The arbitration agreement calls for arbitration of the subject emotional distress claim.

Suits to compel arbitration are governed in part by § 3 of the Federal Arbitration Act, which states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3. After reviewing the subject arbitration agreement under the purview of the binding provisions of 9 U.S.C. § 3, the Court finds that the arbitration provisions are not unconscionable and that there is no reason why they should not be enforced. Accordingly, the Court finds that Simpson's claim must be submitted to arbitration.

Based on the findings presented above:

---

[2] Rule 7.2(c)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

IT IS THEREFORE ORDERED that the Motion of Coca-Cola Enterprises, Inc. to Compel Arbitration and to Dismiss or Stay Litigation Pending Arbitration (docket entry no. 5) is hereby granted.  Plaintiff Simpson is hereby ordered to submit the claim asserted against Defendant CCI in this case to arbitration, in accordance with the provisions contained in the document titled "Coca-Cola Enterprises Inc. Solutions Program."

IT IS FURTHER ORDERED that this case is hereby administratively dismissed from the active docket of this Court subject to the right of either Plaintiff or Defendant to re-open the case if further judicial intervention is necessary to enforce the rulings of this Court, or to enforce the rulings of the arbitrator.  A Final Judgment stating the same will be entered.

SO ORDERED this the 16th day of December, 2005.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct